IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-01002-MSK-CBS

DONJA VAUGHN,

    Plaintiff,

v.

SIMMS RHEA,
JOE OLT,
JOEL STEVENSON, and
GARY SHOUN,

    Defendants.

_____

## ORDER GRANTING, IN PART, MOTION TO STAY
_____

**THIS MATTER** comes before the Court pursuant to Defendant Joe Olt's Motion to Stay Litigation **(# 186)**.

On December 19, 2005, Defendant Olt filed a Motion for Summary Judgment **(# 137)**, asserting, among other things, a defense of qualified immunity. On April 10, 2006, Defendant Olt filed the instant motion, seeking a stay of the litigation as it related to him, pending determination of his qualified immunity defense.

The doctrine of qualified immunity protects certain government actors from the burdens of litigation. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Once the defense is invoked, the Court typically stays discovery and other incidents of litigation, at least insofar as they relate to those claims subject to the defense. *See Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004).

1

However, mindful of the fact that the purposes of qualified immunity are best served when the governmental actor asserts it at the earliest possible time, *see e.g. Crawford-El v. Britton*, 523 U.S. 574, 600 (1998), this Court has suggested that a stay incident to an assertion of qualified immunity should only operate as to those matters arising <u>after</u> the actor has sought protection against the burdens of litigation. *Rome*, 225 F.R.D. at 644.

Here, although Defendant Olt first raised the defense of qualified immunity in December 2005, he did not seek a stay of the litigation against him until April 2006. In the interim, he participated in many aspects of the litigation, including responding to motions by the Plaintiff **(# 176)** and drafting a proposed Final Pretrial Order **(# 185)**. Because Defendant Olt apparently voluntarily undertook these particular burdens of litigation before seeking a stay, despite having invoked the defense of qualified immunity, the Court sees no injustice in requiring Defendant Olt to see them through to their conclusion. For example, the Court will not relieve Defendant Olt of his obligation to make such modifications to the proposed Final Pretrial Order as have been directed by the Magistrate Judge. *See Docket* # 187.

There are other incidents of litigation, however, that have yet to mature. For example, the Court's Trial Preparation Order **(# 42)** requires the parties to confer and make certain joint submissions in advance of the Final Trial Preparation Conference, currently scheduled for June 1, 2006 **(# 175)**. Defendant Olt's invocation of qualified immunity and request for a stay were made sufficiently in advance of this obligation to entitle him to a stay of those requirements as to him.

The Court emphasizes, however, that its stay applies only to Defendant Olt, and does not stay the litigation with regard to any other party. Moreover, Defendant Olt is advised that the Court intends to rule on his motion, including its qualified immunity defense, no later than the

Final Trial Preparation Conference on June 1, 2006.  If the Court denies qualified immunity, the stay will lift immediately, and Defendant Olt must be prepared to resume all of his pending litigation obligations, including participation in the Final Trial Preparation Conference.

Accordingly, Defendant Olt's Motion to Stay **(# 186)** is **GRANTED IN PART**, insofar as the litigation is stayed as to the claims against Defendant Olt, and only with regard to those aspects of the litigation that arise in the first instance after April 10, 2006.  The stay shall lift immediately upon the Court disposing of Defendant Olt's pending Motion for Summary Judgment **(# 137)**.

Dated this 12th day of April, 2006.

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge