IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-01002-MSK-CBS

DONJA VAUGHN,

      Plaintiff,

v.

SIMMS RHEA,
JOE OLT,
JOEL STEVENSON, and
GARY SHOUN,

      Defendants.

_____

**ORDER DENYING MOTION FOR ORDER TO TRANSPORT PLAINTIFF**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Order to Transport Plaintiff **(# 215)**.

On November 30, 2004, this Court entered a Trial Preparation Order **(# 43)** that, among other things, set a Final Trial Preparation Conference for June 2, 2006 and directed that all parties be physically present.  On March 17, 2006, this Court reset **(# 175)** the conference for June 1, 2006 at 8:00 a.m.  On May 31, 2006, less than 24 hours before that conference was scheduled to occur, the Plaintiff's counsel filed the instant motion, which implies, but does not directly state, that the Plaintiff is presently incarcerated by the Montezuma County Sheriff's Department.  The Plaintiff requests that this Court enter an order directing the Montezuma County Sheriff to transport the Plaintiff to Denver for purposes of the 8:00 a.m. Final Trial Preparation conference, as well as for a 4:00 p.m. settlement conference before the Magistrate Judge.

The Court would normally accommodate a timely request for a writ of *habeas corpus ad testificandum* in a case such as this, where the Court requires the Plaintiff's physical presence. However, putting aside the issue of how much notice is necessary for Montezuma County authorities to arrange transportation, such a writ must be sought sufficiently in advance that arrangements can be made with the United States Marshal to receive the Plaintiff from Montezuma County authorities, house her both before and after the morning conference, and return her to Montezuma County authorities following the afternoon conference. Such arrangements cannot be made on less than 24 hours' notice. The Plaintiff's motion does not indicate how long the Plaintiff has been in custody, but other filings in this case indicate that the Plaintiff was convicted of bank robbery in Montezuma County on May 11, 2006, and thus, there is some indication that the need for a writ to transport the Plaintiff to Denver for the June 1, 2006 conferences has been known to the Plaintiff's counsel for some time.[1] Because the Plaintiff's counsel's request was not made sufficiently in advance to permit the writ to issue, the motion is **DENIED**.

The Court will, however, permit the Plaintiff to appear at the Final Trial Preparation Conference by telephone.[2] It will be the obligation of the Plaintiff and/or her counsel to make

---

[1] The motion purports to lay the blame for its untimeliness at the feet of Montezuma County Sheriff's Deputy Vicki Worcester, who "did not call [Plaintiff's counsel] until after hours May 30, 2006, after promising she would get back by May 30, 2006." The Court finds that this representation does not establish good cause for the untimeliness of the Plaintiff's motion. First, it appears that Worcester adhered to the terms of her promise to the Plaintiff's counsel, which did not specify a time on May 30, 2006 by which she would respond. In any event, by agreeing to wait until May 30, 2006 for an advisement by Worcester, the Plaintiff's counsel effectively ensured that this motion would not be presented to the Court on May 31, 2006.

[2] This Court does not purport to simultaneously grant leave to appear by telephone before the Magistrate Judge for the settlement conference. The Plaintiff will have to request that relief from the Magistrate Judge and show appropriate cause.

appropriate arrangements with Montezuma County authorities and this Court's Courtroom Deputy[3] to appear by telephone. If the Plaintiff does not appear by telephone at the hearing, the Court will direct the Plaintiff to order a transcript of the Final Trial Preparation Conference at her and/or her counsel's expense. Moreover, the Court advises the Plaintiff's counsel to promptly confer with both the Montezuma County authorities and the United States Marshal about arrangements for the transportation and housing of the Plaintiff during the scheduled trial in this matter, as well as the issue of who will bear the costs of such transportation and housing. The Court will not issue a writ of *habeas corpus ad testificandum* for trial without specific representations that arrangements mutually satisfactory to all entities involved have been reached.

Dated this 31st day of May, 2006

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge

---

[3] Maureen Nelson, (303) 335-2185