IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-01002-MSK-CBS

DONJA VAUGHN,

    Plaintiff,

v.

JOEL STEVENSON, and
GARY SHOUN,

    Defendants.

_____

**OPINION AND ORDER GRANTING, IN PART, MOTION FOR RECONSIDERATION AND DENYING MOTIONS FOR LEAVE TO PRESENT TESTIMONY BY TELEPHONE AND TO TAKE DEPOSITIONS**
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion for Reconsideration **(# 218)**, to which no responsive papers were filed; the Plaintiff's Motion for Reconsideration **(# 225)**, and the Defendants' response **(# 250)**; the Plaintiff's Revised Motion to Take Trial Testimony by Telephone **(# 238)**, to which no responsive papers were filed; the Plaintiff's Unopposed Motion to Dismiss Malicious Prosecution Claim **(# 240)**; and the Plaintiff's Motion for Leave to Take Depositions of Witnesses to Preserve Testimony for Trial **(#266)**, and the Defendants' response **(# 267)**.[1]

---

[1] Several motions are erroneously listed as pending on the Court's docket. The Court denies as moot former Defendant Olt's Motion for Reconsideration **(# 221)** and Renewed Motion to Stay **(# 222)** pursuant to the stipulated dismissal **(# 254)** of him as a party; and former Defendant Rhea's Motion for Reconsideration **(# 224)** pursuant to the stipulated dismissal **(#272)** of all claims against her.

### A. Motions for Reconsideration

The motions for reconsideration concern this Court's May 30, 2006 Opinion and Order **(#216)**, familiarity with which is assumed and which will not otherwise be summarized here, except as relevant. The Defendants request reconsideration of that portion of the Court's Order that attempted to divine the contours of the Plaintiff's first cause of action in her Complaint **(# 1)**, *Docket* # 216 at 4-5.[2] The Plaintiff's motion is difficult to follow, but appears to request reconsideration of: (i) that portion of the Order that denied the Plaintiff leave to amend the Complaint to add or substitute a party as plaintiff, *Docket* # 216 at 12-14; (ii) that portion that granted summary judgment to the Defendants on grounds of absolute immunity as to the Plaintiff's Due Process claim, *Docket* # 216 at 18-25; and (iii) that portion that struck a "Supplement" filed by the Plaintiff, *Docket* # 216 at 8-9.[3]

Both parties' motions were filed within 10 days of the Court's May 30, 2006 Order, and thus, fall within Fed. R. Civ. P. 59(e). Reconsideration of a prior Order under Rule 59(e) is an appropriate means to review newly-discovered evidence, to correct clear error, or prevent manifest injustice. *Major v. Benton*, 647 F.2d 110, 112 (10th Cir.1981). Relief under this theory is reserved for extraordinary circumstances, such as where the Court has obviously misapprehended a party's position on the facts or the law, or the Court has mistakenly decided issues outside of those the parties presented for determination. *See e.g. Servants of Paraclete v.*

---

[2] The Court noted in passing that the Defendants had not separately moved against the Plaintiff's first cause of action, regardless of how it was characterized. *See Docket* # 216 at 25 n. 18.

[3] The Plaintiff's motion raises other issues that are relevant only to Defendants who have since been dismissed from this action. Those issues are now moot.

*Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000); *Sithon Maritime Co. v. Holiday Mansion,* 177 F.R.D. 504, 505 (D.Kan.1998). However, it is not a tool to re-raise issues that were or could have been raised in prior briefing. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991).

Turning first to the Defendants' motion, it is apparent that the Court misapprehended what the parties believed to be the first cause of action in the Plaintiff's Complaint. For the reasons set forth in its prior Order, and elaborated upon *infra,* the Court construed the Plaintiff's first claim as being one sounding essentially in malicious prosecution. The Plaintiff has strenuously objected to that characterization, going so far as to move to dismiss **(# 240)** any claim sounding in malicious prosecution. In their motion for reconsideration, the Defendants agree that they have never considered a malicious prosecution claim to be asserted. Thus, the Court finds that reconsideration of its prior Order deeming the Plaintiff's first claim to be one for malicious prosecution under 42 U.S.C. § 1983 is appropriate, and upon reconsideration, the Court vacates any portion of its Order that holds as such. The Court remains doubtful that a First Amendment retaliation claim can be asserted by the Plaintiff in a viable form based on the allegations in the Complaint,[4] but it is appropriate to grant leave to the parties to more clearly articulate and test

---

[4] Much of the confusion stems from the fact that the Plaintiff's first claim is either duplicative of the Due Process claim, or the rough equivalent of a malicious prosecution claim. The Complaint identifies two possible actions by the Defendants that the Plaintiff believes were retaliatory – "violat[ing] court orders not to release the horses" and "working together to criminally prosecute what were reasonably only civil claims." *Docket* # 1, ¶ 36.

To the extent the claim is based on an assertion that the Defendants violated court orders by releasing the horses, this claim essentially duplicates the Plaintiff's Due Process claim. *See Docket* # 1, ¶ 38 ("Defendants, in knowing violation of two court orders . . . deprived Plaintiff of personal property" – *i.e.* the horses). In essence, both claims assert that the Defendants violated the Plaintiff's rights by releasing "her" horses to a third party; pleading such a claim as a retaliation claim merely adds an additional element, requiring the Plaintiff to prove the

3

that claim. Accordingly, the Court grants leave to the Defendants to file a motion for summary judgment directed at the first cause of action within 14 days of this Order. That motion shall strictly comply with the format requirements for summary judgment motions in this Court's Practice Standards. The Plaintiff shall have 20 days to respond to the motion, and such response shall also comply strictly with the format set forth in the Practice Standards, as well as all other applicable substantive and procedural rules. A reply brief, if any, shall be filed within 10 days of the Plaintiff's response. Given the narrowness of the issues and evidence to be presented and the age of this case, no extensions of these deadlines will be granted.

      As to the Plaintiff's motion for reconsideration, the Court finds it deficient on both procedural and substantive grounds. The Plaintiff's filing – which consists of a proposed order

---

Defendants' motivation for doing so. More importantly, because the Court has already found that the Defendants are entitled to absolute immunity to the Due Process claim based on their actions in releasing the horses, *Docket* # 216 at 18-25, an assertion by the Plaintiff that the first claim is also premised on the release of the horses would effectively entitle the Defendants to absolute immunity on that claim as well.

      To the extent that the claim asserts that the Defendants criminally prosecuted her in retaliation for her protected speech, the claim is also problematic. Although a claim may lie for First Amendment retaliation where one is subject to criminal prosecution as a result of engaging in protected speech, *Hartman v. Moore*, 126 S.Ct. 1695, 1701 (April 26, 2006), the Plaintiff must show, as an essential element of such a claim, that the charges against her were not supported by probable cause. *Id.* at 1707. It was in this respect that the Court likened the Plaintiff's purported retaliation claim to one for malicious prosecution. *See Hartman*, 126 S.Ct. at 1703 ("in this instance we could debate whether the closer common-law analog to retaliatory prosecution is malicious prosecution"). The Plaintiff vociferously objects to her claim being construed as one for malicious prosecution, and one might reasonably infer that her objection arises because she believes she cannot establish a lack of probable cause. *Hartman* contemplates that, in extraordinary circumstances, one might prevail on a retaliatory prosecution claim even though probable cause existed, 126 S.Ct. at 1706, and the Court will permit the Plaintiff an opportunity to show that her case falls within that narrow exception, or to otherwise demonstrate the viability of the claim. However, the Court urges the Plaintiff to carefully analyze the *Hartman* opinion and consider whether its guidance allows her to continue to assert a retaliatory prosecution claim consistent with Fed. R. Civ. P. 11.

4

and the motion itself, all in a single document – violates D.C. Colo. L. Civ. R. 7.1(F) (proposed order must be on separate paper) and D.C. Colo. ECF Procedures (Civil) V.H.1, 3 (attachments to motion – such as proposed orders – shall be filed as separate .pdf documents). Indeed, a docket entry made the day after the Plaintiff's filing advises the Plaintiff that her motion used an improper filing format and must be re-filed properly **(# 226)**. Nevertheless, the Plaintiff never re-filed the document correctly. For this reason alone, it is denied.

However, the motion is also denied because it is without merit. It does not clearly identify the particular portion of the Court's Order that is subject to challenge; rather, the Plaintiff asserts arguments without any context whatsoever, requiring the Court to speculate at to which of its findings are being challenged. Although a *pro se* Plaintiff might be entitled to some latitude in identifying the matters upon which reconsideration is sought, the Plaintiff is represented by counsel – indeed, a counsel who has previously been chastised for poorly drafted filings, *Docket #* 216 at 2,3 & n.5, 7-8.

Assuming that the Court could divine as to what portions its prior Order the Plaintiff seeks reconsideration, insufficient grounds to obtain reconsideration have been shown. The Plaintiff raises the exact same arguments previously presented to and rejected by the Court. *Compare Docket #* 225, ¶ 2 *with Docket #* 126, ¶ 3 (leave to amend issue); *compare Docket #* 225, ¶ 3 *with Docket #* 163 at 1-8 (absolute immunity issue); *compare Docket #* 225, ¶ 4 *with Docket #* 191, ¶ 7 (striking of "supplement"); *see Van Skiver*, 952 F.2d at 1243 (reconsideration not proper means to re-raise arguments previously presented to and rejected by the Court). Accordingly, the Plaintiff's Motion for Reconsideration is denied.

### B. Motions Regarding Testimony

The Plaintiff makes two separate motions addressing testimony to be offered at trial.  The first motion **(# 238)** appears to request leave to present the following witnesses at trial by telephone: Margaret Krehbiel, Jennifer Kowalski, the Montezuma County District Attorney, and Shelley Rodriguez.[5]  According to the Plaintiff, each of these witnesses is being called solely to authenticate certain documents.  The Plaintiff explains that she is unable to pay for the witnesses to attend trial in Denver.  Although it is not clear from the motion, it appears that all of the witnesses other than Krehbiel are located in or about Montezuma County, which the Plaintiff characterizes as a "7-hour drive from Denver," and that Krehbiel is located in California.  The motion states that the Plaintiff has requested that the Defendants stipulate to the authenticity of the documents, thereby obviating the need to call any of the witnesses, but that the Defendants have refused to do so.  The Defendants did not file any response to this motion.

Fed. R. Civ. P. 43(a) allows the Court, "for good cause shown in compelling circumstances and upon appropriate safeguards," to permit trial testimony to be presented by "contemporaneous transmission from a different location."  The Advisory Committee notes to the 1996 amendment that established the rule emphasize that "[t]he importance of presenting live testimony in court cannot be forgotten," and offer some guidance as to what constitutes "good cause" to deviate from that practice.  Remote testimony, the Committee explains, "cannot be justified merely by showing that it is inconvenient for the witness to attend the trial."  Here, the

---

[5]The proposed order submitted by the Plaintiff – and incorrectly filed as part of the same document, *see supra.* – refers to Krehbiel, Rodriguez, and Kowalski, as well as the Montgomery County District Attorney and William Connor, two individuals who are not referenced in the motion in any capacity.  The Montezuma County District Attorney, although identified in the motion, is not mentioned in the proposed order.

Plaintiff does not even assert that it is inconvenient for the named witnesses to attend, but rather, that it is difficult for her to pay the costs[6] necessary to secure their attendance. She cites to no authority for the proposition that cost to the party calling a witness is a sufficient ground for relief under Rule 43(a), and in the absence of such authority, the Court finds no good cause. Indeed, the Court notes that although the Plaintiff's claims arise under 42 U.S.C. § 1983, which provides for concurrent subject-matter jurisdiction in state court located in Montezuma County, *Arkansas Writers' Project, Inc. v. Ragland,* 481 U.S. 221, 234 (1987), *citing Martinez v. California*, 444 U.S. 277, 283, n. 7 (1980), she chose to commence this action in federal court. Thus, her contention that producing her witnesses in Denver is expensive and time consuming, although perhaps correct, was both avoidable and voluntarily undertaken. As a consequence, the fact that producting the witnesses will be expensive and time consuming does not demonstrate that "good cause" much less "compelling circumstances" warrant deviation from the preferred practice of presenting live testimony in the courtroom.

Moreover, the Court also finds that the Plaintiff has failed to demonstrate that the proposed telephone testimony will be accompanied by "appropriate safeguards." The Committee notes indicate that such safeguards must: (i) ensure accurate identification of the witness; (ii) protect against influence by persons present with the witness; and (iii) assure accurate transmission of the testimony. The Court is obligated to ensure that all testimony is made in open

---

[6]Fed. R. Civ. P. 45(b)(1) requires a party serving a subpoena to tender "the fees for one day's attendance and the mileage allowed by law." The Plaintiff would be liable for tendering a witness fee regardless of whether the witness was compelled to appear in Denver or at some other remote location, so taking testimony by telephone would only relive the Plaintiff of any mileage costs. The Court takes judicial notice of the fact that the county seat of Montezuma County, Colorado is located in Cortez, Colorado, a distance of approximately 380 miles from the courthouse in Denver.

court, under oath, and that there is a full opportunity for cross-examination. *FTC v. Swedish Match North America, Inc.*, 197 F.R.D. 1, 3 (D.D.C. 2000). Absent appropriate safeguards, testimony by telephone can suffer from several deficiencies. For example, to assure accurate identification of the witness and protection against improper influence of that witness, this Court has required a notary public be present at the remote location to identify and swear the witness and to subsequently affirm that no one else was present during the witness' testimony. Where documents are to be identified by the witness – such as in this case – adequate precautions require that two identical sets of documents be available: one to the witness in the remote location, and one in the courtroom. Although careful and detailed preparation in advance can, address these problems, the Plaintiff has not identified what means she proposes to employ to do so.

Accordingly, the Court finds that the Plaintiff has failed to make an adequate showing that good cause exists for taking such testimony by telephone, and that appropriate safeguards will be employed to assure the fair, accurate, and expeditious presentation of such testimony.[7] Thus, the motion is denied without prejudice.

The Plaintiff's second motion is entitled "Motion for Leave to Take Depositions of Witnesses to Preserve Testimony for Trial" **(# 266)**. Again, the motion is less than clear in describing the relief sought and the grounds therefor, and the Court has to make many assumptions to even begin to make sense of what is presented. The Plaintiff explains that

---

[7]The Court assumes that counsel are mindful of Fed. R. Civ. P. 11(b)(1) and (4). The Defendants may refuse to stipulate to the authenticity of documents only if they have a good faith belief and evidentiary support for the proposition that the documents are not what they are purported to be. Should the Defendants refuse to stipulate to the authenticity of an exhibit (thus forcing the Plaintiff to present testimony to establish authenticity of that exhibit), only to thereafter fail to present contrary evidence of their own on the issue of authenticity, the Court would entertain a motion by the Plaintiff for sanctions under Rule 11.

8

"Defense Counsel would not agree to the authenticity" of certain documents, and "Plaintiff seeks to have the witnesses identify the documents sufficiently to lay a foundation for their admissibility." The motion itself does not specify the relief requested, referring instead to a proposed order. The proposed order states that "Plaintiff's counsel may take the depositions of [seven witnesses] to lay foundation for the introduction into evidence of exhibits at trial." The Defendants filed a response **(# 267)** to this motion, arguing that the Plaintiff's motion seeks to take depositions of some 13 persons,[8] including herself, long after the discovery period has closed. Further, the Defendants contend that the exhibit list refers to some documents only as fragments of the whole, and others as collections of otherwise unrelated documents.

At the outset, the Court denies the Plaintiff's motion without prejudice, simply due to lack of specificity. The Plaintiff's counsel has had ample notice that casual, jumbled, and unspecific arguments and requests cannot be interpreted by the Court. For the Court to consider a request, that request must state clearly and succinctly the specific relief sought, the authority upon which the party is entitled to such relief, and the arguments in support of such request. The instant motion does not meet these basic requirements.

Nevertheless, the Court has several general observations regarding the subject matter of this motion, and any future motion requesting similar relief. Although there is some debate as to whether there is any actual difference between a discovery deposition and a deposition seeking to preserve testimony for trial, *compare Estenfelder v. Gates Corp.*, 199 F.R.D 351, 355 (D. Colo.

---

[8]The Defendants' response makes reference to a Designation of Witnesses contained in Docket # 261, a motion that had been stricken by the Court **(# 262)** long before the Defendants' response. Nevertheless, the Defendants are correct that the exhibit list attached to the instant motion, apparently reflecting the documents the Plaintiff seeks to obtain testimony about, lists far more than just the seven names in the Plaintiff's proposed order.

2001) (noting differences) *with Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 559 (S.D. Cal. 1999) (no differences), those courts allowing post-discovery depositions for purposes of preservation of testimony recognize that leave to conduct a preservation deposition may not be appropriate where the party seeking it had the opportunity to depose a witness during the discovery period and chose not to. *Estenfelder*, 199 F.R.D. at 355 (finding "no quarrel" with proposition denying leave for a preservation deposition to counsel who decided, for tactical reasons, not to depose a witness during discovery period). Even when a second opportunity to take depositions is appropriate, the scope of the deposition must be tailored to its purpose. In order to protect parties against the needless multiplication of expenses, where a party seeks leave to conduct a deposition of a previously-undeposed witness for purposes of testimony preservation, the Court will require a showing: (i) of circumstances that make it unreasonable to present the witness live at trial; (ii) that the witness' testimony is both substantial, relevant, and not reasonably available from another witness or item of evidence; (iii) that permitting the deposition will not result in undue prejudice, substantively or economically, to the opposing party; and (iv) of sufficient constraints to be placed on the scope and duration of the deposition to minimize inconvenience, expense, and prejudice to the witness and the opposing party.

Finally, the Court has concerns with regard to the exhibit list attached by the Plaintiff to her motion. Many of the entries in that list consist of multiple documents that span periods of weeks or months. Many of the listings consist of multiple, discrete documents, each of which might require authentication by different witnesses. Aggregation of numerous documents as a single exhibit fails to give the opposing party the adequate ability to stipulate to or oppose the authenticity, relevance, and/or admissibility of the individual component documents. For example,

entry no. 32 on the Plaintiff's exhibit list consists of 12 separate documents. The Defendants might be willing to stipulate to the authenticity and/or admissibility of some of the individual documents, but would not be willing to make such a stipulation as to the exhibit as a whole. Thus, the preferred practice is for parties to list each individual document as a separate exhibit; adhering to such a practice might allow the parties to narrow the scope of any authentication testimony that would be required.

### C.  Conclusion

For the foregoing reasons, the Defendants' Motion for Reconsideration **(# 218)** is **GRANTED IN PART**, insofar as the Court has reconsidered its Order **(# 216)** of May 30, 2006, and **VACATES** that portion that deemed the first cause of action in the Plaintiff's Complaint to assert malicious prosecution, and **DENIED IN PART** in all other respects. The Defendants are granted leave to file a motion for summary judgment on that claim in accordance with the briefing schedule set forth herein. The Plaintiff's Motion for Reconsideration **(# 225)** is **DENIED**. The Plaintiff's Revised Motion to Take Trial Testimony by Telephone **(# 238)** is **DENIED** without prejudice. The Plaintiff's Unopposed Motion to Dismiss Malicious Prosecution Claim **(# 240)** is **DENIED AS MOOT** in light of the Court's ruling on the Defendants' Motion for Reconsideration. The Plaintiff's Motion for Leave to Take Depositions of Witnesses to Preserve Testimony for Trial **(# 266)** is **DENIED** without prejudice. Former Defendant Olt's Motion for

Reconsideration **(# 221)** and Renewed Motion to Stay **(# 222)** and former Defendant Rhea's Motion for Reconsideration **(# 224)** are **DENIED AS MOOT**, given that all claims by and against these Defendants have been dismissed.

Dated this 7th day of February, 2007

                                        **BY THE COURT:**

*[Signature: Marcia S. Krieger]*

                                        Marcia S. Krieger
                                        United States District Judge