IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-01002-MSK-CBS

DONJA VAUGHN,

    Plaintiff,

v.

JOEL STEVENSON, and
GARY SHOUN,

    Defendants.

---

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

---

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion for Summary Judgment **(# 274)**[1], the Plaintiff's response **(# 275)**, and the Defendants' reply **(# 277)**.

The remaining claim in this case appears to arise out of events relating to the investigation and prosecution of criminal charges against the Plaintiff in Montezuma County, Colorado. On May 2, 2002, Defendant Stevenson, a Brand Inspector employed by the Colorado Department of Agriculture, wrote to the Plaintiff, stating that "Due to the amount of calls concerning the ownership of all the horses that you are boarding at the [Krehbiels], all of said horses as of April

---

[1] As a technical matter, Docket # 274 is a Motion for Leave to File Excess Pages. The substantive Motion for Summary Judgment and supporting brief are attached as Exhibits to that motion, but have never been filed separately. The same situation occurs with regard to the Defendants' reply at Docket # 277. The Court grants the motions regarding page limitations, and deems the substantive Motion for Summary Judgment to be filed at Docket # 274, and the substantive reply to be filed at Docket # 277.

22nd are on hold for questionable title until title can be proved." *Docket* # 274-24. On May 3, 2002, the Plaintiff's attorney wrote to Defendant Shoun, at the State Board of Stock Inspection Commissioners, inquiring about Defendant Stevenson's legal and factual authority for the May 2, 2002 letter. *Docket* # 274-25. On May 8, 2002, the Plaintiff was criminally charged in Montezuma County for, among other things, cruelty to animals.[2] On May 31, 2003, the Plaintiff's attorney filed a Notice of Claim, expressing the Plaintiff's intention to sue Defendant Stevenson for improperly seizing the horses. *Docket* # 274-26. On June 18, 2002, the Montezuma County District Attorney directed that the horses held by the Krehbiels – which the District Attorney considered to be evidence in the case against the Plaintiff, *Docket* # 274-29 – be released to an individual named Sims Rhea, such that Rhea would care for the horses pending the disposition of the case. Upon receiving the instruction from the District Attorney, Defendant Stevenson released the horses to Rhea. *Docket* # 274-30 at 3.

The sole remaining claim in this case is the Plaintiff's claim that the Defendants retaliated against her for her exercise of protected speech in violation of 42 U.S.C. § 1983. As the record in this case indicates, the precise contours of this claim have remained elusive. Based on the Plaintiff's description of the claim and the nature of her other claims at the time,[3] the Court

---

[2]According to a motion to dismiss the cruelty charge by the Plaintiff, the basis for the charge was a claim that on May 2, 2002, the Plaintiff entered onto the Krehbiels' property, where the Plaintiff's horses were being held pending Defendant Stevenson's investigation into their ownership, and purposefully overfed them. *Docket* # 274-22. The Plaintiff contended in that motion that the Krehbiels had been underfeeding the horses, and that her actions were merely intended to ensure that the horses were fed properly.

[3]Specifically, the Court believed that any claim relating to the Defendants' decision to release the horses to Rhea as retaliation for the Plaintiff's protected speech essentially duplicated a then-pending claim by the Plaintiff that the release of the horses to Rhea was without notice to the Plaintiff and therefore deprived her of property without Due Process.

initially construed the claim to be one for malicious prosecution, *i.e.* that the Plaintiff alleged that the Defendants caused the criminal charges to be filed against her as retaliation for her protected speech. *Docket* # 216. Both parties disputed the Court's interpretation of the claim, and the Court granted a motion for reconsideration by the Defendants, vacating its interpretation of the claim as being one for malicious prosecution. *Docket* # 272. Instead, the Court gave the parties leave to "more clearly articulate and test that claim," by means of a summary judgment motion by the Defendants against the claim.

The Defendants filed the instant motion alleging that: (i) to the extent the claim is premised upon the Defendants' involvement in the filing of criminal charges against the Plaintiff, the Plaintiff cannot show that the charges were unsupported by probable cause, nor that the Defendants caused her to suffer an injury that would chill a reasonable person's desire to engage in protected conduct; (ii) to the extent the claim is premised upon the Defendants placing a hold on her horses, that the Plaintiff cannot show that such an action was caused by her decision to engage in protected conduct; and (iii) to the extent the claim is premised upon the release of the horses to Rhea, that the Defendants are entitled to absolute prosecutorial immunity and qualified immunity.

In response, the Plaintiff expressly disclaims any intention to assert the claim with regard to either of the first two scenarios, and proceeds only with regard to the assertion that the Defendants' decision to release the horses to Rhea constituted improper retaliation. The Plaintiff argues that the Defendants are not entitled to absolute immunity because they had no authority to release the horses, because releasing the horses is an administrative and investigatory, not prosecutorial, function. She also argues that the judge in the criminal case had ordered that the

3

horses were not to be released. With regard to the claim of qualified immunity, the Plaintiff argues that the Defendants' conduct equates to assisting in the self-help repossession of property, and that the law is clearly established that failing to provide notice prior to the release of the horses constituted a Due Process violation.

Extended analysis of this motion is largely unnecessary, as the Court's prediction has proven correct: the Plaintiff's "retaliation" claim is functionally identical to her Due Process claim. *Docket* # 272 at n. 4. Both the Due Process and retaliation claims turn on the identical act – the release of the horses allegedly owned by the Plaintiff to another person. The Court has already found that the Defendants were entitled to absolute prosecutorial immunity for taking that action, *see Docket* # 216 at 18-25, and that analysis continues to apply with equal force on the retaliation claim as well.[4] For the reasons previously discussed by the Court, the Court finds that the Defendants are entitled to absolute prosecutorial immunity on the Plaintiff's retaliation claim as well.

For the foregoing reasons, the Defendants' Motion for Leave to File Excess Pages, and the incorporated Motion for Summary Judgment **(# 274)** are **GRANTED**. The Plaintiff's claims

---

[4]The Court notes that the Defendants – who bear the burden of proof on the defense of absolute immunity – have come forward on the instant motion with essentially the same evidence the Court analyzed in its earlier Order. However, unlike her prior response to the absolute immunity argument, on the instant motion, the Plaintiff has adduced no evidence whatsoever in response. This is in sharp contrast to the Plaintiff's prior reliance upon, among other things, an order from the Montezuma County criminal action that, at least facially, suggested that absolute immunity might not be proper.

As a technical matter, the Court could consider the instant motion solely on the record presented in the parties' briefing – that is, without regard to the Montezuma County order previously tendered by the Plaintiff. Nevertheless, in the interests of ensuring that similar claims receive a consistent analysis, the Court will deem the Plaintiff's response on the instant motion to incorporate by reference the evidence relied upon by the Plaintiff in response to the prior summary judgment motions by the Defendants.

for retaliation under 42 U.S.C. § 1983 against the Defendants are **DISMISSED**.   There being no remaining claims against any Defendants, the Clerk of the Court is directed to close this case.

Dated this 1st day of August, 2007

**BY THE COURT:**

Marcia S. Krieger
United States District Judge